# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN DESJUAN BISHOP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-1002-R |
| ) | |
| ROBERT PATTON, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

On September 17, 2014, Petitioner Adrian DesJuan Bishop, an Oklahoma state prisoner appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1, "Petition"), along with exhibits in support (Doc. Nos. 1-1 to 1-6). Petitioner has since filed three supplemental briefs in support of the Petition (Doc. Nos. 8, 9, 10).[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition, the undersigned recommends that it be dismissed.

---

[1] The Petition is titled "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2254 Petition for Writ of Habe[a]s Co[]rpus." Pet. at 1. On January 2, 2015, Petitioner filed a second document bearing the same title. *See* Doc. No. 8. In the later filing, Petitioner presents additional support for certain claims in the Petition but does not restate his initial claims. It is not clear whether Petitioner intended the January 2, 2015 filing to be a supporting brief or an amended pleading. On April 17 and 20, 2015, Petitioner filed additional briefs (Doc. Nos. 9, 10) with exhibits (Doc. Nos. 9-1 to 9-6 and 10-1 to 10-22). In light of the liberal construction owed to pro se filings and to efficiently assess whether Petitioner is entitled to relief, the undersigned has considered all of Petitioner's filings to date.

BACKGROUND

*A. State Court Proceedings*

On March 27, 2012, Petitioner entered agreed pleas of *nolo contendere* to charges pending against him in the District Court of Cleveland County, Oklahoma, Case Nos. CF-2011-1279 (first-degree arson), CF-2011-1883 (possession of contraband in jail), and CF-2012-0024 (assault and battery on officer). *See* Pet. at 1;[2] *State v. Bishop*, No. CF-2011-1279 (Cleveland Cnty. Dist. Ct. filed Aug. 30, 2011); *State v. Bishop*, No. CF-2011-1883 (Cleveland Cnty. Dist. Ct. filed Dec. 13, 2011); *State v. Bishop*, No. CF-2012-0024 (Cleveland Cnty. Dist. Ct. filed Jan. 5, 2012).[3] On that same day, Petitioner was sentenced to concurrent sentences of ten years' imprisonment in each case. *See* Pet. at 1; *State v. Bishop*, No. CF-2011-1279; *State v. Bishop*, No. CF-2011-1883; *State v. Bishop*, No. CF-2012-0024.

---

[2] Citations to documents filed in this Court use the page numbers assigned by the Court's electronic filing system. When quoting documents filed by Petitioner, the undersigned has altered the capitalization to improve readability.

[3] As exhibits to the Petition, Petitioner filed partial dockets for Case Nos. CF-2011-1279, CF-2011-1883, and CF-2012-0024. *See* Pet. Exs. 4 to 6, Doc. Nos. 1-4 to 1-6. Electronic versions of those case dockets and relevant documents are publicly available at: http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2011-1279;
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2011-1883;
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2012-0024. To the extent that Petitioner has not incorporated these state court records by reference into his Petition, the undersigned takes judicial notice of such records, as well as the records of this Court, "that bear directly upon the disposition of the case at hand." *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

On February 25, 2013, Petitioner filed an application for postconviction relief in each of his criminal cases in Cleveland County District Court (Case Nos. CF-2011-1279, CF-2011-1883, and CF-2012-0024). While those applications were pending, Petitioner filed various motions, as well as second applications for postconviction relief, in all three cases. *See* Pet. Ex. 3, Doc. No. 1-3; *State v. Bishop*, No. CF-2011-1279; *State v. Bishop*, No. CF-2011-1883; *State v. Bishop*, No. CF-2012-0024. On June 10, 2013, the state district court denied Petitioner's pending motions and applications for postconviction relief in all three cases. *See* Pet. Ex. 3; *State v. Bishop*, No. CF-2011-1279; *State v. Bishop*, No. CF-2011-1883; *State v. Bishop*, No. CF-2012-0024. Petitioner did not appeal those decisions.[4] *State v. Bishop*, No. CF-2011-1279; *State v. Bishop*, No. CF-2011-1883; *State v. Bishop*, No. CF-2012-0024.

B. *Federal Habeas Petitions Under 28 U.S.C. § 2254*

On July 29, 2013, Petitioner filed a habeas petition under 28 U.S.C. § 2254 in this Court, challenging the three Cleveland County District Court convictions discussed above. *See* Petition at 3, *Bishop v. Oklahoma*, No. CIV-13-785-R (W.D. Okla. July 29, 2013), Doc. No. 1. Petitioner was provided multiple opportunities to either pay the filing fee or seek leave to proceed *in forma pauperis* in that action, but he failed to do so. *See*

---

[4] In the Petition, Petitioner indicates that he appealed a "First petition," "Second petition," and "Third petition" "to an [appellate] *federal* court having Jurisdiction." *See* Pet. at 2 (emphasis added). There is no indication on the dockets in Case Nos. CF-2011-1279, CF-2011-1883, and CF-2012-0024 that Petitioner attempted to appeal to the Oklahoma Court of Criminal Appeals. The public database for Oklahoma's appellate courts reflects that Petitioner has never filed an appeal in state court. *See Court Dockets*, Okla. State Cts. Network, http://www.oscn.net/dockets/Search.aspx (last visited June 24, 2015) (searching by party name in "Appellate Court" database).

*Bishop v. Oklahoma*, No. CIV-13-785-R (docket entries of Aug. 7, 2013, Sept. 4, 2013, Oct. 2, 2013, and Mar. 27, 2014); *see also* R. 3, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). The matter was therefore dismissed without prejudice, and judgment was entered on April 24, 2014. *Bishop v. Oklahoma*, No. CIV-13-785-R. Nearly two months later, Petitioner filed a motion for leave to proceed *in forma pauperis*, which the Court denied on July 16, 2014, noting that judgment had already been entered and that Petitioner may "file a new petition for habeas relief." *Bishop v. Oklahoma*, No. CIV-13-785-R (W.D. Okla. July 16, 2014), Doc. No. 15.

On September 17, 2014, Petitioner filed the § 2254 Petition that is now before the Court, again challenging the Cleveland County District Court convictions cited above.[5] *See* Pet. at 1. Petitioner lists ten grounds for relief, supporting each ground with vague or unrelated statements. *See* Pet. at 3-7. For instance, Petitioner asserts that his conviction was "obtained by use of evidence obtained pursuant to an unlawful arrest." Pet. at 3 (ground "d"). In support, Petitioner states: "Was No evidence but Lie[]s please order my case Look it over All I w[a]nt my Life Back." Pet. at 3. In support of an assertion that the prosecutor failed to disclose exculpatory evidence, Petitioner alleges only: "Cross examination Rule 16" and "Witness." Pet. at 4 (ground "f"). Essentially, Petitioner

---

[5] Petitioner references misdemeanor charges filed against him in Oklahoma County District Court for violating a protective order, but the Petition does not challenge any conviction for such a violation. *See* Pet. at 3 (citing *State v. Bishop*, No. CM-2014-3035 (Okla. Cnty. Dist. Ct. filed Sept. 9, 2014); *Woolf v. Bishop*, No. PO-2011-1923 (Okla. Cnty. Dist. Ct. filed Aug. 30, 2011)), 5, 8; *see also* Section 2254 R. 2(e) (requiring separate petition when seeking relief from judgments of more than one state court).

4

challenges the constitutionality of various circumstances that occurred before and during the entry of Petitioner's *nolo contendere* pleas and generally asserts his innocence. *See* Pet. at 3-7. Petitioner indicates that he deliberately excluded an additional 22 unspecified grounds from his Petition. *See* Pet. at 7.

ANALYSIS

A. *Whether the 28 U.S.C. § 2244(b) Limitations on a Second or Successive 28 U.S.C. § 2254 Petition Apply*

As noted, Petitioner previously, in July 2013, filed a petition under 28 U.S.C. § 2254 to challenge his convictions in Case Nos. CF-2011-1279, CF-2011-1883, and CF-2012-0024, which was dismissed without prejudice after Petitioner failed to address payment of the filing fee. *See Bishop v. Oklahoma*, No. CIV-13-785-R. Because the dismissal was not a merits-based adjudication, the instant Petition, although filed second in time, is not considered "second or successive" to the earlier petition and, thus, is not subject to the limitations set forth in 28 U.S.C. § 2244(b). *See Douglas v. Workman*, 560 F.3d 1156, 1188-89 n.18 (10th Cir. 2009); *Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999).

B. *Whether the Petition is Timely*

A petition filed under 28 U.S.C. § 2254 is subject to dismissal upon filing "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4; *see also Day v. McDonough*, 547 U.S. 198, 209 (2006). As detailed below, it plainly appears from the Petition and attached Exhibits that the Petition was untimely filed. Thus, Petitioner is not entitled to

relief in this Court, and the undersigned recommends that the Petition be dismissed accordingly.[6] *See Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (permitting sua sponte dismissal of petition when untimeliness is "clear from the face of the petition itself"); *see also Day*, 547 U.S. at 209-10.[7]

1. Limitation Period Under 28 U.S.C. § 2244(d)(1)

A one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of four possible dates. *See id.* Here, the one-year limitation period is calculated from "the date on which the judgment

---

[6] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner is given notice by this Report and Recommendation of his opportunity to present his position by filing an objection to the Report and Recommendation.

[7] When sua sponte addressing the timeliness of a § 2254 petition, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" of the petition. *Day*, 547 U.S. at 210 (internal quotation marks omitted); *see also Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). The undersigned finds that these considerations do not counsel against the Court considering whether the Petition is time-barred and dismissing it on that basis.

became final by the conclusion of direct review or the expiration of the time for seeking such review."[8] *See id.* § 2244(d)(1)(A).

Under Oklahoma law, a criminal defendant's right to appeal a judgment after a *nolo contendere* plea is limited. *See* Okla. Stat. tit. 22, § 1051(a); Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A); *Burnham v. State*, 43 P.3d 387, 389 & n.1 (Okla. Crim. App. 2002) (noting "that a plea of nolo contendere is the functional equivalent of a plea of guilty" for purposes of appellate procedure). "First, . . . the defendant must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012)

---

[8] The Petition alleges constitutional violations occurring before and during the entry of Petitioner's *nolo contendere* pleas, i.e., before Petitioner's conviction became "final" for purposes of § 2244(d)(1). *See* Pet. at 3-7; 28 U.S.C. § 2244(d)(1)(A). The Petition contains no allegations that would require application of the alternate limitation periods listed in § 2244(d)(1)(B), (C), or (D). The same is true as to the factual allegations in Petitioner's three supporting briefs, with one possible exception. In Petitioner's second brief ("State Law[]s Prove Beyond Doubt. My Full Case Proven I Was Rail Roaded"), Petitioner asserts that he "did write [his] lawyer and courts to pull [his] plea deal." Pet'r's Second Br., Doc. No. 9, at 6. This claim was not presented in the actual Petition. *See* Pet. at 3-7. Even if the Court were to consider the claim and apply the limitation period under § 2244(d)(1)(D), the claim would be untimely. As discussed below, Petitioner's conviction became final after Petitioner did not seek to withdraw his pleas within ten days of the pronouncement of his judgment and sentence. Under § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Generously assuming that Petitioner could not have discovered for one month after the ten-day deadline that no timely application to withdraw his pleas of March 27, 2012, had been filed (the factual predicate), the limitation period under § 2244(d)(1)(D) would have begun to run in May 2012 and, absent any tolling, would have expired one year later in May 2013. With statutory tolling, also discussed below, Petitioner's deadline under § 2244(d)(1)(D) would have expired in September 2013. Petitioner did not file the instant Petition until September 2014, and thus relief is not available on any such claim.

7

(citing Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A)). "If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari" to the Oklahoma Court of Criminal Appeals. *Id.* (citing Okla. Stat. tit. 22, § 1051(a); Okla. Stat. tit. 22, ch. 18 app., R. 4.2(D)). If, however, the criminal defendant fails to file a motion to withdraw his plea within the ten-day period, the defendant's conviction is considered final upon the conclusion of that period. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

Petitioner's judgments and sentences were pronounced on March 27, 2012. Petitioner did not apply to withdraw his *nolo contendere* pleas within the requisite period. *See* Pet. Ex. 3 at 3; *State v. Bishop*, No. CF-2011-1279; *State v. Bishop*, No. CF-2011-1883; *State v. Bishop*, No. CF-2012-0024. Petitioner's convictions became final on April 9, 2012.[9] Thus, his limitation period to file a federal habeas petition expired—absent any tolling—one year later on April 10, 2013. *See* 28 U.S.C. § 2244(d)(1)(A); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The Petition filed on September 17, 2014, over one year after the expiration of the relevant deadline, is untimely under § 2244(d)(1)(A), unless sufficient tolling of or an exception to that deadline applies. *See* 28 U.S.C. § 2244(d)(1)(A); *Clark*, 468 F.3d at 713.

---

[9] Because the ten-day period for Petitioner to withdraw his guilty plea ended on April 6, 2012, and that day was a holiday observed by the Cleveland County Court Clerk's Office, the deadline was extended by statute to the next business day, Monday, April 9, 2012. *See* Okla. Stat. tit. 12, § 2006(A)(1); Okla. Stat. tit. 22, ch. 18 app., R. 1.5.

2. Tolling of the Limitation Period

   a. Statutory Tolling

The federal habeas limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only such an application "filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations." *Clark*, 468 F.3d at 714.

Petitioner filed his first state applications for postconviction relief on February 25, 2013, with 44 days remaining in the § 2244(d)(1)(A) federal limitation period. Petitioner filed second applications for postconviction relief on June 6, 2013. Those matters were pending in state court until July 10, 2013 (i.e., upon the district court's denials of Petitioner's applications for postconviction relief and passing of the 30-day period for appealing those denials to the Oklahoma Court of Criminal Appeals without action from Petitioner). *See* Okla. Stat. tit. 22, ch. 18 app., R. 5.2(C)(2); *Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

Petitioner's earlier § 2254 petition in Case No. CIV-13-785-R does not affect the timeliness of the current Petition. A prior federal habeas petition does not toll the § 2244(d)(1) limitation period and a second habeas petition filed in a separate proceeding cannot relate back to an earlier habeas petition that was dismissed without prejudice. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Barnes v. United States*, 776 F.3d 1134, 1143 (10th Cir. 2015) (citing *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000)); *Mosley v. Dinwiddie*, 267 F. App'x 804, 806 (10th Cir. 2008).

Applying the above, Petitioner's limitation period was tolled from February 25, 2013, through July 10, 2013. The remaining 44 days in the limitation period began to run the next day and expired on August 23, 2013. Petitioner did not file his federal habeas Petition until September 17, 2014. Thus, unless sufficient equitable tolling or an equitable exception applies, the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

b. Equitable Tolling

Equitable tolling of the statutory deadline applies "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Holland v. Florida*, 560 U.S. 631, 634, 645 (2010) (recognizing applicability of equitable tolling to 28 U.S.C. § 2244(d) "in appropriate cases"). The petitioner generally bears the burden of establishing the applicability of equitable tolling by establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Marsh*, 223 F.3d at 1220. Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808.

Petitioner asserts, "I've been appealing my case from my first day I took my plea deal." Pet. at 2. Petitioner offers no adequate explanation, however, for his delays in pursuing federal habeas relief. For instance, Petitioner's failure to address fee payment in Case No. CIV-13-785-R, over a nine-month period, ultimately led to the dismissal of that

action on April 24, 2014.  Approximately two months after judgment was entered in Case No. CIV-13-785-R, and nearly one year after the action had been initiated, Petitioner belatedly filed an application for leave to proceed *in forma pauperis*.  *See* Pet'r's App. Leave to Proceed *In Forma Pauperis*, *Bishop v. Oklahoma*, No. CIV-13-785-R (W.D. Okla. June 23, 2014), Doc. No. 14; Section 2254 R. 3(a) (obligating a petitioner to address fee payment simultaneously with the petition's filing).  After the Court denied the application on July 16, 2014, Petitioner waited two additional months before filing the Petition that is now before the Court.  Relevant to the issues of diligence and control, the Court notes that a certified copy of Petitioner's prison trust fund account statement filed by Petitioner in the current action reflects that Petitioner actually had sufficient funds in his account to pay the $5.00 filing fee in Case No. CIV-13-785-R and thereby prevent dismissal.  *See* Pet'r's App. Leave to Proceed *In Forma Pauperis*, Doc. No. 6, at 5; 28 U.S.C. § 1914(a).

The above facts do not suggest, much less establish, that Petitioner diligently pursued his federal rights or that Petitioner encountered a circumstance beyond his control that prevented his timely pursuit of federal habeas relief before the limitation

period expired in August 2013. Petitioner has failed to establish that equitable tolling should apply.[10]

　　　3. Actual Innocence as an Equitable Exception to the Limitation Period

To prevent a miscarriage of justice, a petitioner who presents an untimely but "credible showing of actual innocence" based on newly discovered evidence may be permitted to pursue federal habeas relief from his conviction through an equitable exception to the limitation period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013).[11] Actual innocence claims involve factual innocence, rather than a legally insufficient conviction, and are rarely successful due to the strong evidentiary

---

[10] In asserting that his *nolo contendere* pleas were unknowing or involuntary, Petitioner states that he takes "mental medications" and that he has "for year[]s." *See* Pet. at 3. Petitioner then cites a state-court document but offers no additional details regarding his alleged mental health issues. *See* Pet. at 3. The cited document, a summary order issued after a bail hearing in 2011, provides no details as to Petitioner's mental status. *See State v. Bishop*, No. CF-2011-1279 (Cleveland Cnty. Dist. Ct. Sept. 6, 2011), *available at* http://www.oscn.net/dockets/GetDocument.aspx?ct=cleveland&bc=1015488481.
Assuming that a petitioner's mental illness could provide a basis for equitable tolling, Petitioner's meager factual allegations here are insufficient to indicate, much less prove, that Petitioner is entitled to equitable tolling on that basis. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007); *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003) ("This court has never held that an individual's mental incapacity entitles him to equitable tolling. In *Biester*[*v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)], however, we noted that courts which recognize equitable tolling for mental incapacity have limited its application to exceptional circumstances." (citation omitted)); *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) ("Equitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." (quoting *Biester*, 77 F.3d at 1268)).

[11] Although "a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error," the Supreme Court has never extended this miscarriage of justice exception to "freestanding" actual innocence claims. *McQuiggin*, 133 S. Ct. at 1931-32.

requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006); *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (equating "new evidence" with "'relevant evidence that was either [previously] excluded or unavailable'" (quoting *Schlup*, 513 U.S. at 327-28)).

Petitioner alleges that he is "doing time for a crime [he] did not do." Pet. at 6; *see also* Pet. at 7 (asserting that Petitioner was "framed"). In support, Petitioner asserts that unspecified testimonial evidence offered against him was false and was provided, at least in part, by a witness who obtained a protective order against Petitioner. *See* Pet. at 3, 5, 7; *see also* Pet'r's Third Br., Doc. No. 10, at 9. Petitioner also provides a sparsely detailed version of the events that preceded his arrest for first-degree arson, stating that he and the witness (1) visited the house where (and presumably before) the alleged arson occurred to retrieve some personal belongings; (2) then played bingo at another location; and, finally (3) visited Petitioner's jobsite, a church, where the two then separated and where Petitioner remained until his arrest. *See* Pet. at 5; Pet'r's Third Br. at 9. Because these factual allegations stem from Petitioner's personal experience around the time of the alleged arson, they cannot be characterized as newly discovered evidence, and, thus,

do not satisfy the initial criteria for an actual innocence-based equitable exception to the limitation period.[12]  *See McQuiggin*, 133 S. Ct. at 1928, 1931-32.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. No. 1) be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by July 16, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.  The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation to Respondent and to the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

---

[12] Further, Petitioner's suggestion that his *nolo contendere* pleas were involuntary due to mental health issues, *see* Pet. at 3 & *supra* note 10, is an assertion of legal insufficiency as to the plea rather than factual innocence and, thus, cannot invoke an equitable exception.  *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623; *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007).

ENTERED this 25th day of June, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE