# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ADRIAN DESJUAN BISHOP, )
)
Petitioner, )
)
v. ) CIV-14-1002-R
)
ROBERT PATTON, )
)
Respondent. )

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Charles B. Goodwin for preliminary review. On June 25, 2015, Judge Goodwin issued a Report and Recommendation wherein he recommended dismissal of the petition as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of any issue to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner originally sought habeas corpus relief from this Court with regard to the state court convictions at issue herein by filing Case No. CIV-13-785-R. On April 24, 2014, the Court dismissed the action without prejudice because Petitioner had failed to pay the required filing fee.[1] Judge Goodwin recommends dismissal of the instant petition as

---

[1] The Court originally dismissed the action on October 2, 2013, when Petitioner had failed to timely objection to a September 4, 2013 Report and Recommendation. The Court thereafter vacated its judgment
(continued...)

untimely, Petitioner's conviction having become final on April 9, 2012. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), without regard to tolling, that is a basis for stopping the statute of limitations period, a habeas corpus petition under 28 U.S.C. § 2254 was due not later than April 9, 2013. When Petitioner filed his state application for post-conviction relief on February 25, 2014, the one year limitations period stopped running, leaving Petitioner forty-four days in which to seek habeas corpus relief in federal court following final denial of relief by the state courts. The District Court of Cleveland County denied Petitioner's application for post-conviction relief on June 10, 2013, and Petitioner did not appeal within the thirty-day period provided by Oklahoma's court rules. Therefore, the forty-four days remaining began to run again on July 10, 2013, and Petitioner had until August 23, 2014 in which to file a timely petition. Petitioner's application in Case No. CIV-13-785-R, was timely, having been filed on July 29, 2013. That case, however, was properly dismissed because Petitioner failed to timely respond to a number of orders of the Court regarding payment. Had Petitioner responded to the Report and Recommendation issued on September 4, 2014, recommending dismissal for non-payment of fees, or the Court's order of April 24, 2014, he would not be in the current situation. However, he did not respond, and the time his prior application was

---

[1](...continued)
and granted Petitioner thirty days in which to file a motion for leave to proceed *in forma pauperis*. Having received no timely motion, on April 24, 2014, the Court again dismissed the action. On June 23, 2014, Petitioner, without explanation, filed an untimely application for leave to proceed *in forma pauperis*, although he did attach a letter from the Oklahoma Supreme Court indicating that it had received certain unidentified papers intended for this Court. He also included an affidavit that referenced a separate case pending in this Court, CIV-14-560-C, and none of his papers included a case number, despite having been previously admonished to include such information to avoid confusion by the Court regarding his filing intentions. The Court denied his belated request for leave to proceed without prepayment of fees, the case having been closed two months when the motion was filed. Petitioner filed this action on September 17, 2014.

pending in this Court is not excluded from his one year statute of limitations period, and therefore, unless Petitioner is entitled to equitable tolling, the limitations period expired on August 23, 2014.

Petitioner contends in his objection that the Court has indicated he is lying, and that the Court is in error when Judge Goodwin states the Court did not receive payment. Petitioner, however, has had multiple cases in this Court and has on more than one occasion, despite being warned, failed to state in his filing the intended case number and therefore the fact that he might have sent payment in one or more of his cases that was misdirected cannot be blamed on the Court. The Court is satisfied that Mr. Bishop failed to respond to the orders entered in his prior case before this Judge by timely filing properly supported motions for leave to proceed *in forma pauperis*. Furthermore, this case is untimely because it was filed after August 23, 2014. Nothing in the Petitioner's objection supports a finding of equitable tolling either, for the reasons set forth in the Report and Recommendation.

In his objection, Petitioner asks the Court to tell him what he is doing wrong. The Court notes that nothing in this case is itself wrong. However, the case was filed too late. Petitioner's failure to respond to the Court's orders in Case No. CIV-13-785-R combined with the delay in re-filing this action proved fatal to his ability to seek habeas corpus relief.

For the reasons set forth above and in the June 25, 2015 Report and Recommendation, the petition in this case is hereby DISMISSED AS UNTIMELY. The Report and Recommendation is hereby ADOPTED.

IT IS SO ORDERED this 21st day of July, 2015.

3

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE